IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WHOLESALE FIREWORKS, CORP., ET AL.,

        Plaintiffs,

v.

WHOLESALE FIREWORKS ENTERPRISES, LLC,

        Defendant.

20cv0796
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion for an Award of Attorneys' Fees pursuant to 15 U.S.C. § 1117(a).  ECF 77.  Plaintiff filed a Response arguing that fees should not be granted. ECF 80.  The Court concurs with Plaintiff and now DENIES the Motion filed by Defendant for Attorneys' Fees.  ECF 74.  The reason for denial of this Motion is because this Court has already provided Defendant with appropriate relief from the instant lawsuit which Plaintiff brought and then withdrew.

As explained by this Court in its previous Order (ECF 76):

> Plaintiff sought to terminate its lawsuit against Defendant by way of a Motion dated October 23, 2020 (ECF 71), which this Court promptly granted.  ECF 73.  In granting Plaintiff's Motion to Dismiss the Second Amended Complaint (ECF 71), the Court did so without prejudice thereby enabling Plaintiff to refile its Complaint at a future point in time.  ECF 73. Defendant has now filed a Motion for Reconsideration of the dismissal without prejudice, and requests that this Court either: (1) modify its previous Order to include its attorney's fees and costs, or (2) amend its previous Order to a dismissal with prejudice.
>
> The Federal Rules of Civil Procedure, specifically Rules 59(e) and 60(a)-(b), allow for a Court to amend a Judgment or Order.  Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later

than 28 days after the entry of the judgment." Rule 60(a) states in pertinent part, "[t]he court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, [or] order . . . ". Rule 60(b) establishes the grounds for relief as follows:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence . . . ;
>
>   (3) fraud . . . ;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied . . . ;
>
>   (6) any other reason that justifies relief.

The Court notes that Plaintiff brought the instant lawsuit in an attempt to enjoin Defendant from using the phrase "wholesale fireworks." The Complaint was filed on January 17, 2020, and the litigation ensued for ten months before Plaintiff filed its Motion to Withdraw the Second Amended Complaint.

Rule 41(a) allows a plaintiff to voluntarily dismiss a lawsuit, however, if the lawsuit is withdrawn after the defendant files an answer or a motion for summary judgment (and the case is not dismissed by a joint stipulation), the plaintiff must request permission from the Court to dismiss the action. F.R.Civ.P. 41(a)(1)(B)(2). Rule 41(a)(1)(B)(2) further notes that dismissal of a lawsuit under this subsection will be without prejudice "[u]nless the order states otherwise."

The allowance of a plaintiff's motion for voluntary dismissal is not a matter of absolute right, but is discretionary with the Court, both as to whether dismissal should be allowed and as to terms and conditions to be imposed if allowed. *Sinclair v. Soniform, Inc.,* 935 F.2d 599, 603 (3d Cir. 1991) ("Voluntary dismissal upon motion of the plaintiff after the defendant has filed its answer falls within the discretion of the district court.") (citation omitted). The purpose of Rule 41(a) is primarily to prevent voluntary dismissals which will prejudice the opposing party, and to permit the Court to impose curative conditions by the Court to avoid such prejudice. *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D. Pa. 1982).

Thus, this Court had discretion to dismiss Plaintiff's Complaint and terminate the case with or without prejudice. Typically, in cases such as the instant matter – specifically, cases where no counterclaim has been

2

filed – when courts within this Circuit grant voluntary dismissal without prejudice to a plaintiff, those courts award attorneys' fees and record costs to the defendants. See, *Kolman v. Kolman*, 58 F.R.D. 632, 634 (W.D. Pa. 1973) ("[W]e will require plaintiff as a condition of voluntary dismissal without prejudice to pay defendants reasonable counsel fees . . ."). The United States District Court for the Middle District of Pennsylvania has explained the imposition of fees and costs in voluntary dismissal situations as follows:

> The imposition of costs is not always a prerequisite for a voluntary dismissal without prejudice, although it is often necessary for the protection of the defendant, and the decision whether or not to impose costs and attorney's fees upon the plaintiff is within the discretion of the court. *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981). "Awarding attorney's fees as a condition to voluntary dismissal without prejudice is very common." *Shulley*, 115 F.R.D. at 52 (citing *Pittsburgh Jaycees v. United States Jaycees*, 89 F.R.D. 454 (W.D.Pa.1981)). "The purpose of the awards [of costs and attorney's fees as a condition for dismissal] ... is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *Shulley*, 115 F.R.D. at 52 (quoting *John Evans Sons, Inc.*, 95 F.R.D. at 191). "While costs are not always required as a condition for a voluntary dismissal, it is usually considered necessary for the protection of the defendant." *Peifer v. Royal Bank of Canada, supra*, 121 F.R.D. at 41 (citing *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947), for the proposition that a plaintiff traditionally has an unqualified right upon the payment of costs to take a nonsuit in order to file a new action after further preparation unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit).

*Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24–25 (M.D. Pa. 1988).

Turning to the instant case, this Court, upon receipt of Plaintiff's Motion to Dismiss its Second Amended Complaint (ECF 71), signed the proposed order (ECF 72) submitted by Plaintiff without striking the phrase "without prejudice."  This Court intended to dismiss this case <u>with</u> prejudice and inadvertently made an error in not omitting the phrase "without prejudice" on the proposed order submitted by Plaintiff.

3

This Court finds that each Party can bear their respective costs of the ten-month litigation that has ensued, but that the dismissal should be with prejudice so as to impose an appropriate curative condition to avoid prejudice to Defendant.

Accordingly, the Court hereby GRANTS IN PART Defendant's Motion (ECF 74) and AMENDS its prior Order (ECF 73) dismissing Plaintiff's Second Amended Complaint WITH PREJUDICE, and each party is to bear its respective costs of this litigation.

ECF 76.

Because this Court has already provided Defendant with a dismissal of the instant lawsuit with prejudice, there is no basis upon which Defendant is entitled to attorneys' fees. Defendant argues that the instant matter constitutes an "exceptional case" under Section 35(a) of the Lanham Act.  15 U.S.C. § 1117.  This Court has discretion to determine whether a case is "exceptional," and does so on a case-by-case basis given the facts presented.  Based on this Court's familiarity with this matter, the Court does not find that this case is "exceptional" and thus DENIES Defendant's Motion for Attorneys' Fees.  ECF 78.

**SO ORDERED**, this 4th day of December, 2020.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge